

**FILED**
OCT 31 2017
Mark C. McCartt, Clerk
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) CATHERINE EMARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 17 CV 600 JED - JFJ |
| vs. | ) Case No. |
| | ) |
| (1) STATE FARM FIRE AND CASUALTY | ) |
| COMPANY and | ) |
| (2) DANIELLE WEAVER INSURANCE | ) |
| AGENCY, INC., | ) |
| | ) |
| Defendants. | ) |

### NOTICE OF REMOVAL

The Petitioners, State Farm Fire and Casualty Insurance Company ("State Farm"), and the Danielle Weaver Insurance Agency, Inc. ("DWIA"), Defendants in the above styled action, state the following:

1. This action entitled *Catherine Emard v. State Farm Fire and Casualty Company and Danielle Weaver Insurance Agency, Inc.*, Case No. CJ-17-54, was commenced in the District Court of Nowata County on October 5, 2017. State Farm was served on October 16, 2017,[1] and DWIA was served on October 12, 2017. A copy of Plaintiff's Petition setting forth her claims for relief upon which this action is based is attached hereto and marked Exhibit 1. A copy of the Summonses served upon State Farm and DWIA are attached hereto and marked Exhibits 2 and 3 respectively.

2. Plaintiff is a resident and citizen of the State of Idaho. (Petition, p. 1, ¶ 1, Exhibit 1). DWIA is an Oklahoma corporation with its principal place of business in the State of Oklahoma. (Petition, p. 1, ¶ 3, Exhibit 1). State Farm is an Illinois corporation with its principal place of

---

[1] An error appears in the naming of the correct entity in the Summons directed to State Farm. The parties have agreed to resolve that issue through issuance of a new Summons directed to State Farm Fire and Casualty Company.



business in the State of Illinois. (Petition, p. 1, ¶ 2, Exhibit 1).

3. Plaintiff's claims are for alleged breach of an insurance contract and alleged breach of the duty of good faith and fair dealing. The matter in controversy between Plaintiff and State Farm, according to Plaintiff's demand, exceeds Seventy-Five Thousand and No/100ths Dollars ($75,000.00), exclusive of interests and costs. (Plaintiff's Petition, pp. 7, 8, 9, Exhibit 1). The matter in controversy between Plaintiff and DWIA, according to Plaintiff's demand, exceeds Seventy-Five Thousand and No/100ths Dollars ($75,000.00), exclusive of interests and costs. (Plaintiff's Petition, p. 7, Exhibit 1).

4. This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332 (1992), by reason of the fact that this is a civil action wherein the amount in controversy, according to Plaintiff's demands, exceeds Seventy-Five Thousand and No/100ths Dollars ($75,000.00), exclusive of interest and costs and is between residents and citizens of different states. Accordingly, this action may be removed by Defendants pursuant to 28 U.S.C. § 1441(a).

5. This Notice of Removal is filed in this Court within thirty (30) days after October 12, 2017 and October 16, 2017, the dates the Defendants were served with a copy of Plaintiff's Petition, which was the initial pleading setting forth the claim for relief upon which this action is based.

6. Copies of all process, pleadings, and Orders served upon Defendants have been attached hereto as follows:

Petition, Exhibit 1;

Summons to State Farm Fire, Exhibit 2;

Summons to Danielle Weaver Insurance Agency, Inc., Exhibit 3;

Pursuant to LCvR 81.2, a copy of the state court docket sheet is attached as Exhibit 4.

**WHEREFORE,** Defendants pray that this action be removed.

Dated this 31st day of October, 2017.

Respectfully submitted,

ATKINSON, HASKINS, NELLIS,
BRITTINGHAM, GLADD & FIASCO
A PROFESSIONAL CORPORATION

_____
John S. Gladd, OBA #12307
Andrew G. Wakeman, OBA #21393
525 South Main Street, Suite 1500
Tulsa, Oklahoma 74103-4524
Telephone: (918) 582-8877
Facsimile: (918) 585-8096
*Attorneys for the Defendants*

## CERTIFICATE OF MAILING

I hereby certify that on the 31st day of October, 2017, a true and correct copy of the aforementioned document was mailed to the following, with postage prepaid:

Ryan J. Fulda
SCHAFFER HERRING
7134 South Yale Avenue
Tulsa, OK 74136
*Attorney for Plaintiff*

_____

S:\Files\416\313\Removal\Notice of Removal.wpd

416-313F

IN THE DISTRICT COURT OF NOWATA COUNTY
STATE OF OKLAHOMA

CATHERINE EMARD

    Plaintiff,

v.

STATE FARM FIRE AND CASUALTY
COMPANY, and DANIELLE WEAVER
INSURANCE AGENCY, INC.

    Defendants.

JURY TRIAL DEMANDED

CJ-17-54

FILED
COURT CLERK, NOWATA CO, OK
OCT 0 5 2017
APRIL FRAUENBERGER
BY:_____

## PETITION

COMES NOW the Plaintiff Catherine Emard, by and through her attorney of record Ryan J. Fulda of Schaffer Herring PLLC, and for her cause of action against Defendants, states as follows:

1. Catherine Emard is a resident of the state of Idaho.
2. State Farm Fire and Casualty Company is a corporation with its principal place of business in Illinois.
3. Danielle Weaver Insurance Agency, Inc. is an Oklahoma Corporation doing business in Nowata, Oklahoma.

### Background Information

4. Catherine Emard is the owner of a residential property in Nowata, Oklahoma, with the following address: HC 62 Box 111-2, Nowata, Oklahoma 74048-9410.
5. The property consists of approximately ten acres with a residential structure that is approximately 3,400 square feet (the "Dwelling").


EXHIBIT 1

6. Ms. Emard obtained a Rental Dwelling Policy (the "Policy") for the Dwelling through State Farm Fire and Casualty Company, which as of May 20, 2015, insured the Dwelling for $322,200.00 under Coverage A.

7. Ms. Emard originally purchased a Rental Dwelling Policy from State Farm several years ago.

8. After Ms. Emard initially purchased the Policy, her State Farm Insurance Agent, an agent with Danielle Weaver Insurance Agency, Inc., periodically called Ms. Emard and recommended that she increase the policy limits under Coverage A in order to provide adequate coverage for the Dwelling.

9. On or about January 6, 2016, the Dwelling was severely damaged in a fire, which caused significant fire and smoke damage to the Dwelling, and which resulted in a total loss.

10. The fire was a covered cause of loss under the Policy.

11. After the fire, Plaintiff submitted a claim for benefits to State Farm.

12. State Farm assigned Claim # 36-793X163 to the Claim.

13. Following receipt of the Claim, State Farm prepared an estimate for the cost to repair damage caused by the fire. State Farm used Xactimate to prepare the estimate, software for estimating construction costs (the "First State Farm Estimate").

14. The State Farm estimated identified the total Replacement Cost of the repairs at $253,872.86.

15. The State Farm estimate also calculated the cost of depreciation of the Replacement Cost at $72,754.21.

16. State Farm provided Ms. Emard with its estimate on or about February 4, 2016 ("the State Farm Estimate"), along with a check in the amount of $173,964.90 for the actual cash value to repair the damage to the Dwelling (i.e. replacement cost value less depreciation).

17. Ms. Emard was confused as to why the Dwelling was insured for $322,200.00 but State Farm's estimated Replacement Cost was only $253,872.86.

18. Wanting a second opinion, Ms. Emard obtained her own estimate for the cost to replace the Dwelling from an independent contractor, Disaster Restoration Services ("DRS").

19. DRS visited the Dwelling on April 17, 2017, and thereafter prepared its own repair estimate – which estimated the cost to replace the Dwelling at $324,347.98 (the "DRS Estimate").

20. Ms. Emard's representative then forwarded the DRS Estimate to State Farm.

21. On April 27, 2017, State Farm adjuster J.R. Phillips ("Adjuster Phillips") then advised that he disagreed with the DRS Estimate for two reasons.

22. Adjuster Phillips' first basis for disagreeing with the DRS Estimate was because "[t]he contractor used the restoration/service/remodel labor efficiency pricing to complete the estimate. Since the home is being rebuilt from the ground up, the New Construction efficiency is required to be used for the estimate pricing. The rural location does not change the labor efficiency pricing. The costs associated with the additional travel time to get to the property are sufficed with the overhead and profit total."

3

23. Adjuster Phillips' second basis for disagreeing with the DRS Estimate was because "[w]e did not include the removal or replacement of the concrete foundation, as our inspection revealed it was in good condition, and was not damaged from the fire."

24. Mr. Phillips' letter contradicted itself. State Farm insisted on using "new construction" pricing because the house was being "rebuilt from the ground up", despite the fact State Farm was refusing to rebuild the house from the ground up – and was insisting on salvaging the foundation of the structure severely damaged by the fire.

25. Emard then provided State Farm with a second estimate to replace the Dwelling, and proposed that the parties participate in the Appraisal Process found in the Policy.

26. Phillips responded on June 28, 2017, and advised that State Farm refused to participate in the Appraisal Process because "the appraisal process may be used if we fail to agree on the amount of the loss. It is not used to resolve differences in scope."

27. Ms. Emard then obtained a structural inspection of the Dwelling by FEI Engineering, Inc., which recommended that the entire structure (including the foundation system) be torn down and rebuilt.

28. Ms. Emard's representative then forwarded the structural report to Phillips, and requested that State Farm deem the Dwelling a "total loss" and revise its estimate to reflect tear down and replacement of the entire Dwelling.

29. On or about September 6, 2017 (more than 14 months after the Loss), Adjuster Phillips advised that State Farm was revising its estimate because the First State Farm Estimate was incorrect because State Farm mistakenly identified the Dwelling as sitting on a slab foundation and not a stem-wall crawl-space foundation system.

4

30. On September 21, 2017, State Farm produced a revised estimate (the "Second State Farm Estimate"), which estimated the Replacement Cost at $293,990.79 – still more than $30,000.00 less than the DRS Estimate and nearly $30,000.00 less than the policy limits for the Dwelling under Coverage A of the Policy.

31. Plaintiff requested that State Farm increase its Replacement Cost Estimate to $322,200.00 – the policy limits under Coverage A of the Policy.

32. State Farm unreasonably refused to do so.

### First Claim for Relief: Breach of Contract

33. Plaintiff Catherine Emard and Defendant State Farm are parties to a contract for property insurance coverage insuring a dwelling owned by Plaintiff.

34. Pursuant to the Policy, Defendant State Farm owes Plaintiff benefits under Coverage A – Dwelling.

35. Defendant State Farm is in breach of the Policy for failure to pay benefits owed.

36. Plaintiff has been damaged by Defendant's breach of the policy.

37. Plaintiff is entitled to attorney fees and interest pursuant to OKLA. STAT. TIT. 36 § 3629.

WHEREFORE, Plaintiff Catherine Emard prays for judgment against Defendant State Farm Fire and Casualty Company for an amount in excess of $75,000.00, as well as attorney fees and costs.

### Second Claim for Relief: Bad Faith Handling of Insurance Claim
### (Breach of Duty of Good Faith and Fair Dealing as to Defendant State Farm and Defendant Danielle Weaver Insurance Agency, Inc.)

38. Defendant State Farm and Defendant Danielle Weaver Insurance Agency, Inc. owed Plaintiff a duty of good faith and fair dealing.

39. Defendant State Farm and Defendant Danielle Weaver Insurance Agency, Inc. breached the duty of good faith and fair dealing by using a different method for calculating Plaintiff's policy limits under Coverage A than it used for calculating benefits owed under Coverage A.

40. For example, at the time of Plaintiff's original purchase of the Rental Dwelling Policy, Defendant State Farm and Defendant Danielle Weaver Insurance Agency, Inc. calculated the amount of the policy limits under Coverage A.

41. Thereafter, Defendant State Farm's agent, Defendant Danielle Weaver Insurance Agency, Inc., periodically called Plaintiff and recommended that she increase the amount of policy limits under Coverage A – in order that she be adequately insured.

42. Plaintiff heeded the advice of Defendant State Farm's agent, Defendant Danielle Weaver Insurance Agency, Inc., and increased her policy limits under Coverage A. Consequently, Plaintiff paid and State Farm received higher insurance premiums.

43. At the time of the Loss, the Dwelling was insured for $322,200 under Coverage A.

44. After the Loss, State Farm used Xactimate software to estimate the cost to rebuild the Dwelling. Using this software, State Farm estimated the cost to rebuild the Dwelling (while salvaging the existing slab) at approximately $293,990.79 – nearly $30,000 less than the policy limits under Coverage A of the Policy.

45. In other words, State Farm employed two different methodologies for estimating the cost to rebuild or replace a Dwelling.

46. The first methodology – used for identifying policy limits and charging insurance premiums – identified the cost to replace the Dwelling at $322,200.00.

6

47. The second methodology – used for estimating benefits actually owed to an insured in the event of a loss – identified the cost to replace the Dwelling at $293,990.79.

48. By using a different methodology to value the cost to replace the Dwelling for the purpose of charging insurance premiums than for paying benefits, Defendant State Farm and Defendant Danielle Weaver Insurance Agency, Inc. engaged in conduct that benefitted the Defendants to the exclusion and detriment of Plaintiff.

49. Plaintiff has been damaged as a result of Defendant State Farm and Defendant Danielle Weaver Insurance Agency, Inc.'s unreasonable and bad faith insurance practices.

50. Plaintiff requests an order disgorging Defendant State Farm and Defendant Danielle Weaver Insurance Agency, Inc. from profits and/or excess premiums earned due to Defendants' use of two different methodologies for valuing the cost to replace or rebuild a home.

51. Plaintiff has also experienced annoyance, harassment, and embarrassment caused by Defendant State Farm's bad faith handling of the Claim.

**WHEREFORE**, Plaintiff Catherine Emard prays for judgment against Defendant State Farm Fire and Casualty Company and Defendant Danielle Weaver Insurance Agency, Inc. for an amount in excess of $75,000.00, and punitive damages.

### Third Claim for Relief: Bad Faith Handling of Insurance Claim
### (Breach of Duty of Good Faith and Fair Dealing as to Defendant State Farm)

52. Defendant State Farm breached its duty of good faith and fair dealing by taking unreasonable and contradictory positions.

53. For example, Defendant State Farm unreasonably insisted on using the more favorable "new construction pricing" model to determine the cost to "rebuild" the Dwelling.

7

54. At the same time, Defendant State Farm also unreasonably insisted on salvaging the foundation system of the Dwelling.

55. Defendant State Farm unreasonably refused to pay benefits for the demolition and replacement of the Dwelling's foundation system.

56. Plaintiff has been damaged as a result of Defendant State Farm's unreasonable and bad faith handling of the claim.

57. As a result of Defendant State Farm's bad faith handling of the Claim, Plaintiff has incurred damages, including lost policy benefits under coverage A, and lost rents from February 1, 2017, through the date of the filing of the Petition, and continuing.

58. Plaintiff has also experienced annoyance, harassment, and embarrassment caused by Defendant State Farm's bad faith handling of the Claim.

WHEREFORE, Plaintiff Catherine Emard prays for judgment against Defendant State Farm Fire and Casualty Company as to her claim for Bad Faith Handling of an Insurance Claim, and for damages in excess of $75,000.00, and punitive damages.

### Fourth Claim for Relief: Bad Faith Handling of Insurance Claim (Failure to Perform Reasonable Investigation as to Defendant State Farm)

59. Defendant State Farm breached its duty of good faith and fair dealing by failing to perform a reasonable investigation and/or evaluation of the damage to the Dwelling.

60. Defendant State Farm failed to promptly and properly investigate and/or evaluate the damage to the Dwelling, and specifically the home's foundation system.

61. By way of example, the First State Farm Estimate was based on the incorrect premise that the Dwelling was built on a foundation slab. This premise was incorrect, and materially decreased the First State Farm Estimate to the detriment of Plaintiff, Defendant State Farm's insured.

62. Had Defendant State Farm properly and promptly investigated the Claim, it would have determined that house was built on a stemwall foundation with a crawl space.

63. Defendant State Farm did not acknowledge this mistake for more than 18 months after the Loss.

64. As a result of Defendant State Farm's failure to perform a prompt and reasonable investigation, Plaintiff has incurred damages, including lost rents from February 1, 2017, through the date of the filing of the Petition, and continuing.

65. Plaintiff has also experienced annoyance, harassment, and embarrassment caused by Defendant State Farm's bad faith handling of the Claim.

WHEREFORE, Plaintiff Catherine Emard prays for judgment against Defendant State Farm Fire and Casualty Company as to her claim for Bad Faith Handling of an Insurance Claim, and seeks an amount in excess of $75,000.00, and punitive damages.

Respectfully submitted,

SCHAFFER HERRING PLLC

Ryan J. Fulda, OBA #21184
7134 South Yale, Ste. 300
Tulsa, Oklahoma 74136
Telephone: (918) 550-8120
Facsimile: (918) 550-8106
ryan.fulda@schafferherring.com
**ATTORNEYS FOR PLAINTIFF**

9

416-313 (F)

IN THE DISTRICT COURT OF NOWATA COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| CATHERINE EMARD<br><br>      Plaintiff,<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY, and DANIELLE WEAVER INSURANCE AGENCY, INC.<br><br>      Defendants. | JURY TRIAL DEMANDED<br><br>CJ-17-54 |

### SUMMONS

**SERVICE BY CERTIFIED MAIL UPON THE OKLAHOMA INSURANCE COMMISSIONER**
Defendant State Farm Mutual Automobile Insurance Company
Via the Oklahoma Insurance Commissioner
Five Corporate Plaza
3625 N.W. 56th St., Ste. 100
Oklahoma City, OK 73112-4511

**To the above-named Defendant:**

You have been sued by the above-named Plaintiff, and you are directed to file a written answer to the attached Petition in the Court at the above address within twenty (20) days after service of this Summons upon you, exclusive of the day of service. Within the same time, a copy of your answer must be delivered or mailed to the attorney for Plaintiff. Unless you answer the Petition within the time stated, judgment will be rendered against you with costs of the action.

ISSUED this 5 day of Oct, 2017.

APRIL FRAUENBERGER,
NOWATA COUNTY COURT CLERK

By Kelli Moore
Deputy Court Clerk

**YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER. SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THIS SUMMONS.**

Ryan J. Fulda, OBA #21184
SCHAFFER HERRING PLLC
7134 S. Yale, Suite 300
Tulsa, OK 74136
Phone: (918) 550-8105
Fax: (918) 550-8016


EXHIBIT 2

416-313 (F)

## IN THE DISTRICT COURT OF NOWATA COUNTY
## STATE OF OKLAHOMA

| | |
|---|---|
| CATHERINE EMARD<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY, and DANIELLE WEAVER INSURANCE AGENCY, INC.<br><br>Defendants. | JURY TRIAL DEMANDED<br><br>CJ-17-54 |

## SUMMONS

**SERVICE BY: CERTIFIED MAIL**
Danielle Weaver Insurance Agency, Inc.
2339 Nowata Pl
Bartlesville, OK 74006

**To the above-named Defendant:**

You have been sued by the above-named Plaintiff, and you are directed to file a written answer to the attached Petition in the Court at the above address within twenty (20) days after service of this Summons upon you, exclusive of the day of service. Within the same time, a copy of your answer must be delivered or mailed to the attorney for Plaintiff. Unless you answer the Petition within the time stated, judgment will be rendered against you with costs of the action.

ISSUED this 5 day of October, 2017.

APRIL FRAUENBERGER,
NOWATA COUNTY COURT CLERK

By _Kelli Moore_
Deputy Court Clerk

**YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER. SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THIS SUMMONS.**

Ryan J. Fulda, OBA #21184
SCHAFFER HERRING PLLC
7134 S. Yale, Suite 300
Tulsa, OK 74136
Phone: (918) 550-8105
Fax: (918) 550-8016

**EXHIBIT 3**



OKLAHOMA
State Courts Network

The information on this page is NOT an official record. Do not rely on the correctness or completeness of this information. Verify all information with the official record keeper. The information contained in this report is provided in compliance with the Oklahoma Open Records Act, 51 O.S. 24A.1. Use of this information is governed by this act, as well as other applicable state and federal laws.

## IN THE DISTRICT COURT IN AND FOR NOWATA COUNTY, OKLAHOMA

CATHERINE EMARD V. STATE FARM FIRE AND CASUALTY, ET. AL.

No. CJ-2017-00054
(Civil relief more than $10,000: BREACH OF CONTRACT )

Filed: 10/05/2017

Judge: GIBSON, CARL G.

## PARTIES

STATE FARM FIRE AND CASUALTY, Defendant
EMARD, CATHERINE, Plaintiff
COMPANY, AND DANIELLE WEAVER, Defendant
INSURANCE AGENCY, INC., Defendant

## ATTORNEYS

**Attorney**

FULDA, RYAN
7134 S YALE SUITE 300
TULSA , OK 74136

**Represented Parties**

## EVENTS

None

## ISSUES

1. BREACH OF CONTRACT



EXHIBIT 4

# DOCKET

| Date | Code | Description | Count | Party | Amount |
|------|------|-------------|-------|-------|--------|
| 10-05-2017 | | PETITION FILED $10,001 OR MORE<br>Document Available (#CC17100500000127) 📄TIFF  📄PDF | | | $ 163.00 |
| | | (Entry with fee only) | | | $ 6.00 |
| | | (Entry with fee only) | | | $ 7.00 |
| | | (Entry with fee only) | | | $ 25.00 |
| | | LENGTHY TRIAL FUND | | | $ 10.00 |
| | | OK COURT APPOINTED SPECIAL ADVOCATES | | | $ 5.00 |
| | | 10% OF CASA TO COURT CLERK REVOLVING FUND | | | $ 0.50 |
| | | OK COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND | | | $ 1.55 |
| | | 10% OF COJC TO COURT CLERK REVOLVING FUND | | | $ 0.16 |
| | | STATE JUDICIAL REV. FUND INTERPRETER & TRANSLATOR SERVICES | | | $ 0.45 |
| | | 15% TO DISTRICT COURT REVOLVING FUND | | | $ 0.98 |
| 10-05-2017 | | SUMMONS ISSUED<br>Document Available (#CC17100500000136) 📄TIFF  📄PDF | | | $ 10.00 |
| 10-05-2017 | | SUMMONS ISSUED<br>Document Available (#CC17100500000137) 📄TIFF  📄PDF | | | $ 10.00 |