IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CATHERINE EMARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 17-CV-600-JED-JFJ |
| v. | ) | |
| | ) | |
| (1) STATE FARM FIRE AND | ) | |
| CASUALTY COMPANY, and | ) | |
| (2) DANIELLE WEAVER INSURANCE | ) | |
| AGENCY, INC. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Before the Court is Plaintiff's Motion to Remand (Doc. 16). Upon review of this Motion and the Defendants' Notice of Removal (Doc. 2), the Court finds that Plaintiff's Motion should be granted.

Pursuant to 28 U.S.C. § 1332(a), federal district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." Plaintiff in this case does not deny the existence of diversity of citizenship in this case, nor does she deny that the amount in controversy exceeds $75,000. (*See* Doc. 16 at ¶¶ 1-3, 5). Instead, Plaintiff contends that this action was improperly removed based on 28 U.S.C. § 1441(b)(2). This provision, known as the "forum-defendant rule," provides:

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

For the purposes of diversity jurisdiction and removal of civil actions, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of

the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Defendants' Notice of Removal states that Defendant Danielle Weaver Insurance Agency, Inc. ("DWIA") is an Oklahoma corporation with its principal place of business in the State of Oklahoma. (Doc. 2 at ¶ 2). Clearly, DWIA must be considered a citizen of Oklahoma.

The next question is whether DWIA was "properly joined and served" at the time of removal. *See Magallan v. Zurich Am. Ins. Co.*, 228 F. Supp. 3d 1257 (N.D. Okla. 2017) (finding that the forum defendant must be "joined and served" before the filing of the notice of removal for the forum-defendant rule to apply). Again, the Defendants' own Notice of Removal makes it clear that DWIA was served before the case was removed; the Notice provides that DWIA was served on October 12, 2017, while the Notice itself was filed on October 31. (Doc. 2 at ¶ 1).

Because a properly "joined and served" defendant was a citizen of Oklahoma at the time of removal, remand of the case is required under § 1441(b)(2). Plaintiff's Motion to Remand (Doc. 16) is **granted**. The Court hereby directs the Court Clerk to remand this matter to the District Court of Nowata County, State of Oklahoma.

**ORDERED** this 15th day of November, 2017.

_____
JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE